UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-876-MOC

| ALI DARWICH, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) ORDER TO SHOW CAUSE AND |
| | ) **TEMPORARY RESTRAINING ORDER** |
| STEVEN KEMERLING, et al., | ) |
| Respondents. | ) |

**THIS MATTER** is before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. 1], Motions for Admission Pro Hac Vice [Docs. 4, 5], and Motion for Order to Show Cause [Doc. 8] in which the Petitioner seeks preliminary injunctive relief.

Petitioner, a native and citizen of Lebanon, entered the United States in 1992. [See Doc. 2]. In September 2022, he was denied asylum, but his removal to Lebanon was deferred pursuant to the Convention Against Torture. [Id.]. An appeal is presently pending before the BIA. The Petitioner asserts that he was recently detained by the Department of Homeland Security unlawfully, indefinitely, and without a bond hearing. [Doc. 1]. He seeks relief from that detention pursuant to 28 U.S.C. § 2241. [Id.]. The Petitioner has named as Respondents: Steven P. Kemerling, the Assistant Field Office ICE Director in Charlotte; Terry Johnson, the Sheriff of Alamance County; Kristi Noem, the U.S. Secretary of Homeland Security; and Pamela Bondi, the United States Attorney General. The Petition states that Respondent Kemerling and/or Sheriff Johnson are believed to be the Petitioner's true custodian, and that Respondent Noem is the Petitioner's indirect custodian, and Respondent Bondi supervises immigration courts and BIA, and is responsible for the implementation of 8 C.F.R. § 1003.19(h)(2)(i)(A), which would deny

Petitioner a bond hearing before an immigration judge.

In the Motion for Order to Show Cause, the Petitioner asks the Court to: require the Respondents to show cause why habeas corpus should not be granted within three days or an alternate short time frame; prohibit the Petitioner's removal from the country while these proceedings are pending; and order such further relief as the Court deems appropriate. [Doc. 8].

Upon consideration of the Petition and the attachments thereto, the Court determines that the Motion will be granted and that the Respondents will be required to respond to the Petition.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. *Ex parte* temporary restraining orders are an extraordinary remedy and are thus granted sparingly. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002).

First, the Petitioner asserts that he is likely to succeed on the merits of the Petition. The Petitioner has submitted a verified Petition and supporting exhibits which demonstrate that he was seized without due process despite a previously-ordered deferral of his removal and while an

2

Case 3:25-cv-00876-MOC   Document 10   Filed 11/10/25   Page 2 of 5

immigration appeal was pending. The Court agrees that, upon the limited record presently before it, the Petitioner appears likely to succeed on the merits of his Petition.

Second, the Petitioner claims that he is likely to suffer irreparable harm in that he was previously granted a deferral of his removal by establishing a clear probability that he will be tortured if he is removed to Lebanon and that he may be removed before he is able to complete his immigration appeal and otherwise seek relief from the Fourth Circuit. This is sufficient to demonstrate irreparable harm. See Vitkus v. Blinken, 79 F.4th 352 (4th Cir. 2023) (finding a likelihood of irreparable harm where the petitioner's extradition to Lithuania during ongoing litigation would effectively deny him any ability to obtain permanent relief).

The balance of the equities and the public interest also weigh in favor of granting preliminary injunctive relief. Nken v. Holder, 556 U.S. 418, 435 (2009) (when one party is the government, these two factors merge and are properly considered together). The public has an interest in the prompt execution of removal orders, but it also has an interest in preventing noncitizens from being wrongfully removed, particularly when they may face torture or persecution after removal. Id.; see, e.g., Santamaria Orellana v. Baker, 2025 WL 2841886 (D. Md. Oct. 7, 2025) (granting a preliminary injunction where the petitioner was previously found to have a reasonable fear of persecution or torture if he were removed). The public also "undoubtedly has an interest in seeing its governmental institutions follow the law." Vitkus, 79 F.4th at 368. Accordingly, these factors also favor the granting of a preliminary injunction. With all four Winter factors favoring relief, the Court will grant the requested preliminary injunctive relief.

Motions for Admission have been filed by member in good standing of this Court, James F. Wyatt, III, on behalf of: David A. Isaacson, who is admitted to practice before, and is a member in good standing of, the courts of the States of New York and New Jersey; and Cyrus D. Mehta,

who is admitted to practice before, and is a member in good standing of the courts of the State of New York and of the United States Supreme Court, the Second, Third, and Ninth Circuit Courts of Appeals, and the United States District Courts for the Southern and Eastern Districts of New York and for the Eastern District of Michigan. [Docs. 4, 5]. The applicable fee has been paid for each of these admissions. [Id.]. The Court will grant the Motions for Admission for the reasons stated therein. Mr. Isaacson and Mr. Mehta are admonished to become fully familiar with the rules and procedures of this Court, including the Court's local rules. See, e.g., LCvR 83.1.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion for Order to Show Cause [Doc. 8] is **GRANTED** as stated in this Order.

2. The Respondents shall file a **RESPONSE** to the Petition for Writ of Habeas Corpus [Doc. 1] no later than **ten (10) days** from the date of this Order.

3. A **TEMPORARY RESTRAINING ORDER** is issued:

    a. The Court **ORDERS** that the Respondents and their agents, employees, and representatives are **ENJOINED** from removing the Petitioner **ALI DARWICH** from the continental United States or altering his legal status.

    b. In accordance with Rule 65(b)(2), this TRO shall take effect immediately, and shall expire **FOURTEEN DAYS** from the day and time of this Order's entry unless otherwise extended by further order.

    c. The security requirement of Rule 65(c) is waived.

    d. A violation of this TRO shall subject the Respondents and all other persons bound by this Order to all applicable penalties, including contempt of court.

    e. Petitioner is directed to ensure that Respondents and/or the Petitioner's custodian

are served immediately with this Order.

4. The Motions for Admission Pro Hac Vice [Docs. 4, 5] are **GRANTED** as to David A. Isaacson and Cyrus D. Mehta.

The Clerk is respectfully instructed to add the USA 2255 Group to ECF, and to email this Order to Gill P. Beck, Civil Chief, Assistant United States Attorney, United States Attorney's Office – Western District of North Carolina at Gill.Beck@usdoj.gov, and Janice Powers, Assistant United States Attorney, Civil Division, United States Attorney's Office – Western District of North Carolina, Janice.Powers@usdoj.gov.

This Order is issued on **11/10/2025** at **11:50 a.m.**

**IT IS SO ORDERED**.

Signed: November 10, 2025

Max O. Cogburn Jr
United States District Judge